OPINION OF THE COURT
Stanley B. Katz, J.
Defendant Booth Memorial Medical Center moves to dismiss for failure to comply with this court’s order dated August 30, 1990 and for failure to prosecute this action. By separate notice of motion defendants Fazekas and Vega and defendant Cortes by cross motion move for similar relief.
Although plaintiffs failure to timely file a note of issue in accordance with the preliminary conference order is attributable to law office failure, the ongoing disclosure clearly evi *94 dences an intent to actively prosecute this action. A default of this nature is excusable when a meritorious claim has been established. (See, Fiore v Galang, 64 NY2d 999.) Plaintiff has submitted a medical affidavit by a dental expert who is also a professor of radiology at a university of dentistry. Defendants contend that the affidavit is inadequate in a medical malpractice action.
A properly qualified person who is not licensed as a physician may be sworn as a medical expert. (See, Karasik v Bird, 98 AD2d 359; Richardson, Evidence § 368 [Prince 10th ed].) Clearly, Mr. Frommer is skilled in the subject area at issue. (See, Meiselman v Crown Hgts. Hosp., 285 NY 389.) Hence, upon weighing all relevant factors, including the minimal delay involved in the service of a note of issue, the activity in the action negating an intent to abandon it and the submission of an expert’s affidavit sufficient to establish at least an arguably meritorious claim, denial of the requested relief is warranted.